IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HARVEY JOE TRANTHAM,          )
#194 985,                     )
                              )
    Plaintiff,          )
                              )
    v.                  )  CIVIL ACTION NO. 2:12-CV-118-TMH
                              )             [WO]
KIM THOMAS, *et al*.,         )
                              )
    Defendants.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Bullock

Correctional Facility ["Bullock"], challenges the adequacy of medical treatment provided

to him after he fell in the kitchen at the facility on September 26, 2010. Plaintiff also

asserts challenges under the Eighth and Fourteenth Amendments claiming the services,

facilities, and programs at Bullock are not reasonably and safely accessible to him as a

wheelchair-bound inmate. Named as defendants are Commissioner Kim Thomas, Dr. Tahir

Siddiq, and Warden Kenneth Jones. Plaintiff seeks declaratory and injunctive relief,

damages, court costs and fees, and requests trial by jury.[1] *Doc. No. 9.*

Defendants filed special reports and supporting evidentiary materials addressing

Plaintiff's claims for relief. In these documents, Defendants adamantly deny they acted in

violation of Plaintiff's constitutional rights. Defendant Siddiq also asserts the complaint is

---

[1]This matter is proceeding on the amended complaint filed by Plaintiff on April 11, 2012.  *See Doc. Nos. 6, 9.*

due to be dismissed because Plaintiff failed to exhaust properly an administrative remedy available to him through the prison system's medical care provider regarding the medical claims presented in this cause of action prior to initiation of this case. *Doc. No. 16, Siddiq Affidavit, Exh. A - Plaintiff's Medical Records*.  The court granted Plaintiff an opportunity to file a response to Defendants' reports  in which he was advised, among other things, to "specifically address the medical defendant's argument that he [ ] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform" prior to filing this federal civil action.  *Doc. No.* 20 at 1 and fn.1.  "[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment; instead it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"  *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368–369 (9th Cir.1988). The court deems it appropriate to  treat Defendant Siddiq's report as a motion to dismiss.   The court deems it appropriate to treat the correctional defendants' report as a motion for summary judgment. This case is now pending on Defendants' dispositive motions.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258,

1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the nonmoving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id.* at 322-324.

   The correctional defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination." *Id*.  "'Shall' is also restored to express the direction to grant summary judgment." *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

assertion of fact or fails to properly address another party's assertion of fact as required [by citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it.")  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.  Consequently, to survive Defendants' properly supported motions for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (internal citations omitted).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs likewise cannot create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment.");

-4-

*Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond his own conclusory allegations challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will

not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citations omitted). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667,

670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.

## II. DISCUSSION

*A. Defendant Thomas*

In his opposition Plaintiff requests dismissal of his complaint against Commissioner Thomas. *See Doc. No. 40* at 7. The court, therefore, considers the pleading to contain a motion to dismiss this defendant as a party to the complaint. Upon review of the motion, the court concludes that it should be granted.

*B. Defendant Jones*

    *i. Official Capacity Claims*

Defendant Jones is immune from monetary damages in his official capacity. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44,[59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521,

1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities."  *Lancaster v. Monroe County, Ala*., 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that Warden Jones is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### ii.  Individual Claims for Relief

#### a.  Eighth Amendment

Plaintiff alleges Warden Jones has subjected him to cruel and unusual punishment by failing to make services, facilities, and programs at Bullock reasonably safe and accessible to wheel-chair bound inmates. He complains that the sinks, showers, toilets, doorways and/or entrances and exits, and libraries are not wheelchair accessible.  Plaintiff also contends the recreational yard and facilities at Bullock are not wheelchair accessible and lack shade. Plaintiff go on to state, however, he has adapted his wheelchair thereby making it accessible for use at the institution.[3] *Doc. No. 9* at 12.

---

[3]In his affidavit Defendant Jones, in addition to addressing Plaintiff's allegations regarding wheelchair access,  references matters related to food service, inmate workers, painting of inmate beds and locker boxes, the condition of inmate mattresses, table and seating accommodations for inmates, and the perimeter fence. While Plaintiff 's opposition responds to the additional issues mentioned in

Defendant Jones denies Plaintiff is subjected to conditions at Bullock which violate his constitutional rights under the Eighth Amendment. He maintains some sinks in the dormitories and some secondary access doors are not wheelchair accessible, and the rear gym door has no wheelchair ramp, but affirms all dormitory areas, including the segregation unit, can be accessed by wheelchairs. Defendant Jones further asserts the recreational yard has shade covering the weight lifting area and over some seating areas and that law library clerks are available to inmates who need their assistance. *Doc. No. 19, Exh. 2*.

Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment, therefore, proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Id*. at 346. Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations. *Id.* at 347. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement," *Id*. at 348 (citation omitted). Conditions which may be "restrictive and even harsh, [ ] are part of the penalty that criminal offenders pay for their offenses against society" and, therefore, do not necessarily constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *Id*. The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832

Defendant Jones's affidavit, the court notes these additional matters are not before the court for review as they were neither raised nor presented by Plaintiff in his amended complaint. *See Doc. Nos. 9, 19, 40*.

(1994) (quoting *Rhodes*, 452 U.S. at 349). Thus, it is well-settled that the treatment a prisoner receives and the conditions under which he is confined are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993).

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling,* 509 U.S. at 31-32.   To demonstrate an Eighth Amendment violation regarding conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834.  The objective component requires an inmate to prove he was denied the "minimal civilized measure of life's necessities." *Id*.  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).  The subjective component requires a prisoner to prove the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it.  *Farmer*, 511 U.S. at 834, 837.

Plaintiff challenges wheel chair accessibility in and around Bullock. He fails to establish, however, that the challenged conditions have caused him serious harm and concedes he is able to use his wheelchair around Bullock with no apparent harm.  Plaintiff

has also failed to produce evidence which shows Defendant Jones ignored an obvious risk of serious harm to him of which the Warden was aware  and disregarded that risk, *Farmer* 511 U.S. at 837, or that Defendant Jones's actions resulted in the denial of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347.

Summary judgment is not precluded merely because Plaintiff contends Defendant Jones did not dispute his claims that Bullock's dormitory restrooms "are not properly equipped for handicapped/wheelchair accessibility," that the dormitory doors are not wide enough for "Big-Man" wheelchairs, that "proper handrails, shower seats, and mirrors are not at the appropriate height for a man in a wheelchair to safely shave," and that the recreational yard is not useable by wheel-chair bound inmates. *Doc. No. 40* at 6-7.  That is because Plaintiff's challenge to the alleged inadequate facilities at Bullock,  standing alone, does not amount to an  Eighth Amendment violation. *See Rhodes*, 452 U.S. at 348. His assertions regarding a general inaccessibility to a handicap shower, toilet, sink, door, or a recreation yard and mere conclusory contention that  facilities at Bullock are illegal or inadequate is insufficient. Rather, Plaintiff must show that the conditions complained of deprived him of essential food, medical care, sanitation, or other necessities. *Id*. His general  allegations fail to make this showing and there is no allegation much less indication he was deprived of access to facilities when they were needed or that the challenged conditions otherwise deprived him of basic needs, posed a risk to his health, or subjected him to a substantial risk of serious harm, much less that Defendant Jones has exhibited deliberate indifference to any

known risk of harm. *Farmer*, 511 U.S. at 834. The mere fact that the conditions and problems described by Plaintiff may exist is insufficient to demonstrate a constitutional violation and, without more, do not do so in this case.  Consequently, Defendant Jones's motion for summary judgment is due to be granted.

### b. Due Process

Plaintiff alleges Defendant Jones's conduct has deprived him of due process  by failing to make services, facilities, and programs at Bullock reasonably safe and accessible to wheel-chair bound inmates. The Due Process Clause of the Fourteenth Amendment protects against the arbitrary deprivation of life, liberty, and property without due process of law by a state actor acting under color of state law. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1993). To establish a procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Supreme Court has long held that the Due Process Clause does not protect every change in the conditions of confinement affecting a prisoner. *See e.g., Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause.  Under *Sandin*, a prisoner is entitled to the protections of due process only when a sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484-87.

Plaintiff's allegations regarding the alleged inaccessibility of the living and recreational spaces at Bullock for wheelchair-bound inmates, without more, do not show he was deprived of a protected liberty interest. He has not shown nor alleged any facts which reflect that the matters about which he complains have had an effect on the duration of his sentence or imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Consequently, Plaintiff's due process claim entitles him to no relief, and  Defendant Jones is entitled to summary judgment on this claim.

      *c. Discrimination*

Plaintiff asserts that Defendant Jones violated his right to equal protection by not making services, facilities, and programs reasonably and safely accessible to wheelchair-bound inmates.  To establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact....  [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington*

*Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977).

"'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359-360 (1991). In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107, 1112-1113 (11th Cir. 1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Since this case is before the court on a properly supported motion for summary judgment from Defendant Jones, Plaintiff bears the burden of producing some evidence to show he was the victim of intentional discrimination. *See Celotex*, 477 U.S. 317. Plaintiff has presented nothing which indicates he is similarly situated with other inmates who have received more favorable treatment from Defendant Jones. Other than Plaintiff's self-serving, conclusory allegation that the actions of Defendant Jones violated his equal protection rights, the record is devoid of any evidence that Defendant Jones acted in a discriminatory manner. Summary judgment is therefore due to be granted in his favor on this claim. *See Anderson*

*v. Liberty Lobby*, 477 U.S. at 252

C. *Defendant Siddiq*

       i. *Exhaustion*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373–74, 1376)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed.Appx. 364, 366 (11th Cir. 2012). Upon review of the undisputed facts of this case as evidenced by the complaint and the evidentiary materials filed by Defendant Siddiq, the court concludes that Defendant Siddiq's motion to dismiss is due to be granted.

      Plaintiff challenges the adequacy of medical care he received after he slipped and fell in the kitchen at Bullock on September 26, 2010. In response to the complaint, Defendant Siddiq denies he provided Plaintiff with constitutionally inadequate medical care and argues this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided by the institutional medical care provider prior to filing this complaint as

required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  As explained, federal law directs this court to treat Defendant's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion.  *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).   Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement.  *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006).  Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***."  *Id*. at 93 (emphasis added).  "Proper exhaustion

-16-

demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 Fed.Appx. 81, 83 (11th Cir. 2012) (per curiam).

The health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. *Doc. No.16, Siddiq Affidavit*. Defendant submitted evidence which reflects when inmates

go through the initial orientation process at Bullock they are educated about the availability of the medical grievance process whereby they may voice complaints regarding any medical treatment sought or received during their incarceration. *Id*. The grievance process is initiated when an inmate submits a medical grievance form to the Health Services Administrator ["HSA"] through the institutional mail system. *Id*. Medical staff review the grievance and return the form to the inmate containing a written response at the bottom of the grievance form within five (5) days of receipt of the medical grievance. *Id*. The grievance form contains a notation apprising inmates that if they wish to appeal the initial response, they may request a grievance appeal form from the HSA. The notation further directs inmates to return the completed grievance appeal form to the attention of the HSA by placing the form in the sick call request boxes located throughout the facility or by giving it to the segregation sick call nurse on rounds. *Id*. Plaintiff's medical records reflect he submitted four medical grievances dated February 6, 2010, December 14, 2010, May 11, 2011, and August 12, 2011. *Id., Exh. A - Part 6* at 32-35 of 35. In these grievances, Plaintiff complained that: (1) a nurse lacked professionalism by being unprepared for a three-month check-up; (2) his medication log showed he was given medication which he did not received because the unit was on lock-down; (3) he did not receive a wheelchair in sufficient time; and (4) he was charged for a clinic visit which he felt should have been classified under chronic care. *Id*. Plaintiff received a response to each of the four grievances. *Id*. Defendant Siddiq states, however that Plaintiff did not file a medical grievance appeal regarding any of the

responses provided to his initial grievances by medical personnel. *Id*.

The court granted Plaintiff an opportunity to respond to the exhaustion defense raised by Defendant Siddiq in his motion to dismiss. *Doc. No. 20*. Plaintiff has not disputed he failed to properly exhaust an administrative remedy available to him at Bullock regarding his allegation of inadequate medical care which is a precondition to proceeding on this claim, and the record is devoid of evidence which shows Plaintiff filed a grievance and/or a grievance appeal prior to initiating this action with respect to the claims presented herein. *Doc. No. 40*; *Doc. No. 16, Siddiq Affidavit, Exh. A*. Plaintiff has presented no circumstances which justify his failure to exhaust the institution's grievance procedure. The court, therefore, finds that a grievance system is available at the institution for Plaintiff's claims challenging the provisions of his medical, dental, and/or mental health needs, but he failed to exhaust the administrative remedy available to him. Accordingly, Defendant Siddiq's motion seeking dismissal for Plaintiff's failure to exhaust available administrative remedies should be granted, and such dismissal should be without prejudice. *See Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice); *Woodford*, 548 U.S. at 87-94; *Turner*, 541 F.3d 1082.

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The motion to dismiss filed by Defendant Siddiq (*Doc. No. 16*) be GRANTED to

the extent this Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy prior to filing this case;

2.   This case be DISMISSED without prejudice against Defendant Siddiq under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy.

3.   Defendant Jones's motion for summary judgment (*Doc. No. 19*) be GRANTED;

4.   Plaintiff's February 27, 2013, pleading, considered a motion to dismiss Defendant Kim Thomas  (*Doc. No. 40*), be GRANTED;

5.   This case be DISMISSED with prejudice against Defendants Jones and Thomas;

6.   Judgment be ENTERED in favor of Defendants and against Plaintiff.

It is further

ORDERED that on or before **August 19, 2014**, the parties may file an objection to the Recommendation.   Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a  party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d

404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 4th day of August 2014.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE