IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

HARVEY JOE TRANTHAM, #194985,       )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )      CASE NO. 2:12-cv-118-WHA
                                    )
KIM THOMAS, DR. TAHIR SADDIQ,       )                  (wo)
and WARDEN KENNETH JONES,           )
                                    )
            Defendants.             )

## ORDER

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #54), entered on August 4, 2014, and Plaintiff's Objection (Doc. #55), filed on August 14, 2014.  The objection is specifically directed to the Recommendation to dismiss Dr. Siddiq and states "[in full (Doc. #54)/agreement on Thomas & Jones]."  Therefore, the Recommendation is due to be adopted without objection as to the Defendants Thomas and Jones.

The Plaintiff in his objection states that Jones is untruthful in several of his statements, and specifically disagrees with Jones's claim that Bullock Correctional Facility is handicap accessible.  The Plaintiff maintains that only six of 35 entrances and/or exits at Bullock have wheelchair ramps, there is no shade on the exercise or weight yard which denies him access to recreation areas, only one dorm has a fold-down metal seat for wheelchair-bound inmates, the handicap rails in three of the 23 dorms are rusted and unsanitary, and the shaving sinks and mirrors are too high for inmates in wheelchairs so they have to stand in pain while shaving. Since, however, the Plaintiff agrees with the Recommendation of the Magistrate Judge that the

Defendants Warden Jones and Thomas be dismissed, the court will consider that general disagreement only in the context that this may have application to the claim against Dr. Siddiq.

The court has conducted an independent and *de novo* review of the file in this case and, having done so, determines that the objection to the Recommendation that the court grant Dr. Siddiq's Motion to Dismiss based on the Plaintiff's failure to properly exhaust an administrative remedy prior to filing this case is without merit, and it is due to be overruled.

Plaintiff has attached 59 pages of primarily medical documents. He contends he did exhaust his remedies and believes the attachments to his objection reflect this. *Doc. No. 55* at 2; *see also Attachment*.  A majority of Plaintiff's objection, however, is devoted to challenging the merits of his alleged inadequate medical care and treatment at the hands of Dr. Siddiq. With regard to Plaintiff's failure to properly exhaust available administrative remedies, the Magistrate Judge determined that proper exhaustion demands compliance with an agency's deadlines and procedural rules as a precondition to filing suit in federal court.   The court agrees.

Of the 59 pages of documents submitted by Plaintiff, only 3 are medical grievances which were also submitted by Defendant Siddiq in support of his dispositive motion. Nothing submitted by Plaintiff refutes that he failed to file a grievance and/or a grievance appeal prior to initiating this action with respect to the claims of inadequate medical care presented in his complaint. Although, as noted, Plaintiff asserts in his objection that he did exhaust his remedies, he did not dispute his failure to do so in his opposition to Defendant Siddiq's motion to dismiss (Doc. #40) and the Magistrate Judge, therefore, determined that Plaintiff presented no circumstances justifying his failure to exhaust the medical care provider's grievance procedure. A grievance procedure is made available and that must be exhausted first, before the Plaintiff may legally file a suit in federal court.

Therefore, for the reasons stated, it is hereby ORDERED as follows:

1.  The Recommendation is ADOPTED without objection as it applies to the Defendants Thomas and Jones, and this case is DISMISSED with prejudice as to those Defendants.

2.  As to the Motion to Dismiss filed by Defendant Siddiq (Doc. #16), the Plaintiff's objection is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, the Motion to Dismiss is GRANTED, and this case is DISMISED without prejudice as to Defendant Siddiq under 42 U.S.C. § 1997(e)(a) for Plaintiff's failure to exhaust an administrative remedy prior to filing this case.

3.  Final Judgment will be entered in favor of all Defendants and against the Plaintiff.

DONE this 4th day of September, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE